Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000169
06-JUN-2018
07:44 AM

NO. CAAP-17-0000169

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2007-6, Plaintiff-Appellee,
v.
BONNIE I. SWINK; JACK SWINK,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0702(1))

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Chan, JJ.)

Defendants-Appellants Bonnie I. Swink and Jack Swink
(collectively, **the Swinks**) appeal from the Judgment entered on
February 14, 2017 by the Circuit Court of the Second Circuit
(circuit court).[1]  The Swinks also challenge the circuit court's
"Findings of Fact, Conclusions of Law and Order Granting
Plaintiff's Motion for Summary Judgment and Decree of Foreclosure
Against All Defendants on Complaint filed December 9, 2014" also
entered on February 14, 2017.  The Judgment and challenged order
were entered against the Swinks and in favor of Plaintiff-
Appellee US Bank National Association, as Trustee for Credit

---

[1]  The Honorable Rhonda Loo presided.

Suisse First Boston Mortgage Securities Corp. CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-6 (**US Bank**).

On appeal, the Swinks contend that the circuit court erred in concluding: (1) that US Bank had standing to foreclose; (2) that US Bank had met its evidentiary burden for summary judgment; and (3) that the Swinks had failed to present sufficient affirmative defenses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the Swinks' points of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive in this appeal. In Reyes-Toledo, the supreme court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. Id. at 367-70, 390 P.3d at 1254-57.

Reyes-Toledo notes that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, 139 Hawai'i at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the

2

note and standing to foreclose on the mortgaged property <u>at the commencement of the suit</u>. <u>Id.</u>

Like the foreclosing bank in <u>Reyes Toledo</u>, US Bank was granted a decree of foreclosure by way of a summary judgment ruling. In support of its summary judgment motion, US Bank attached, *inter alia*, three documents to demonstrate that it possessed the subject Initial Interest Note (**Note**): (1) a "Declaration of Indebtedness" by Denean Stroman (**Stroman Declaration**), an employee of Wells Fargo Bank, N.A. (**Wells Fargo Bank**), executed on March 30, 2016, attesting that "[US Bank] <u>is</u> in possession of the Promissory Note" (emphasis added); (2) a copy of the Note attached as an exhibit to the Stroman Declaration, which shows that Wells Fargo Home Mortgage of Hawaii, LLC (**Wells Fargo Home**) was the lender for the Note, the Note contains an undated special endorsement from Wells Fargo Home to Wells Fargo Bank, and the Note also contains an undated blank endorsement by Wells Fargo Bank; and (3) a "Certification of Possession of Original Promissory Note" (**Certification of Possession**) by Kari Jo Jo Dunham (**Dunham**), designated as exhibit "K" to the summary judgment motion, which does not show an attestation date but attests that Wells Fargo Bank is the "servicer" for US Bank, that on June 9, 2014, Dunham personally reviewed the original Note at a location in Minnesota, and that "[Wells Fargo Bank] <u>has</u> possession of the Note." Like in <u>Reyes-Toledo</u>, this evidence fails to demonstrate that US Bank had possession of the Note at the time it filed the Complaint on December 9, 2014.

In sum, there is no evidence in the record to establish US Bank's entitlement to enforce the Note when it commenced this action.[2] Specifically, there is no admissible evidence

---

[2] The Complaint alleged, *inter alia*, that the Note was endorsed in blank and that US Bank "is now the holder of the Note and is entitled to enforce it pursuant to HRS § 490:3-301." Further, a copy of the Note was attached to the Complaint, and US Bank submitted an attorney affirmation with its Complaint. However, it appears that in <u>Wells Fargo Bank, N.A. v. Behrendt</u>, SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018), the Hawai'i Supreme Court implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case. <u>See also</u> <u>Wilmington Sav. Fund Soc'y, FSB v. Yasuda</u>, No. CAAP-17-0000433, 2018 WL 1904909 (Hawai'i App. Apr. 23, 2018) (Ginoza, J., concurring).

establishing that US Bank was in possession of the blank endorsed Note at the time the Complaint was filed.[3]

Viewing the evidence in the light most favorable to the Swinks, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether US Bank was entitled to enforce the subject Note at the time this foreclosure action was commenced. Therefore, pursuant to Reyes-Toledo, the circuit court erred in granting US Banks' motion for summary judgment.

Given the above, we need not address the Swinks' remaining point on appeal.

Therefore, IT IS HEREBY ORDERED that the following, both entered by the Circuit Court of the Second Circuit on February 14, 2017, are vacated: (1) the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint"; and (2) the Judgment. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, June 6, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Edmund K. Saffery,
Lynda L. Arakawa,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3] Because the Stroman Delcaration and Dunham's Certification of Possession do not state that US Bank had possession of the Note at the time the Complaint was filed on December 9, 2014, we need not address whether the declaration or certification are appropriate to authenticate the pertinent records under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017).

4